Nhct
00-cv-2129
Eginton

00CV2129 MANDATE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the __ day of ____, two thousand and ____,

PRESENT:
    HON. PIERRE N. LEVAL,
    HON. ROBERT D. SACK,
    HON. EDWARD R. KORMAN[*]

FILED NOV 13 2003
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

------------------x

SALVATORE CAPOZZI,

    Plaintiff-Appellant,

    v.                                                                Docket No. 03-7088

THE GALE GROUP, INC., and
THE THOMSON CORPORATION

    Defendants-Appellees.

------------------x

APPEARING FOR APPELLANT:    FRANCIS D. BURKE
    Mangines & Burke, LLC, Bridgeport, CT.

---

[*]The Honorable Edward R. Korman, Chief Judge, United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: 12/4/03

| | |
|---|---|
| APPEARING FOR APPELLEES: | ELIZABETH S. TORKELSEN<br>Epstein Becker & Green, P.C., Stamford, CT. |

Appeal from the United States District Court for the District of Connecticut (Eginton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Salvatore Capozzi appeals from the order of the United States District Court for the District of Connecticut (Eginton, J.), granting defendants' motion for summary judgment and dismissing plaintiff's claims. The complaint included claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60, a claim that defendants discharged him in order to defeat his pension benefits, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., and claims seeking enforcement of oral promises of certain pension benefits on theories of contract and promissory estoppel.

We agree with the district court that Capozzi has produced insufficient evidence to support a reasonable finding that his termination was motivated either by age discrimination or by an intent to prevent him from obtaining pension benefits.

Capozzi's claims based on contract and promissory estoppel also fail. An ERISA pension plan may not be modified by informal oral communications "absent a showing tantamount to proof of fraud." Moore v. Metropolitan Life Ins. Co., 856 F.2d 488, 491–92 (2d Cir. 1988). Capozzi has made no such showing. Nor can Capozzi succeed on a theory of promissory estoppel because he has not produced evidence of 'extraordinary circumstances' required to apply principles of estoppel to an employment contract in an ERISA case. Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 85–86 (2d Cir. 2001). Even assuming that an employer's promise of benefits to induce a plaintiff to resign a position with a previous employer would satisfy the 'extraordinary circumstances' requirement, Capozzi made no showing that the promised benefits caused him to change positions; indeed, he could not recall whether the promise was made before or after he verbally accepted defendant's offer of employment.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

*Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK